UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL A. MOORE JR.,

Plaintiff,

Case No. 3:26-cv-265

vs.

U.S. XPRESS LEASING, INC.,

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

Defendant.

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THIS CASE (Doc. No. 6); (2) STAYING THIS CASE PENDING ARBITRATION; (3) REQUIRING THE PARTIES TO FILE JOINT STATUS REPORTS EVERY NINETY DAYS AND WITHIN SEVEN DAYS OF THE ARBITRATION'S CONCLUSION; (4) DIRECTING THE CLERK OF COURT TO ADMINISTRATIVELY CLOSE THIS CASE; AND (5) ADVISING PLAINTIFF THAT, IF HE DESIRES TO CONTINUE WITH THIS CASE AFTER ARBITRATION, HE MUST REQUEST THE STAY TO BE LIFTED WITHIN THIRTY (30) DAYS OF THE ARBITRATION'S CONCLUSION**

---

In this civil case, Plaintiff Michael A. Moore Jr., through counsel, brings claims under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.* and the Ohio Civil Rights Act, R.C. § 4112, *et. seq.,* against Defendant U.S. Xpress Leasing, Inc.[1] This case is before the Court upon Defendant's motion to compel arbitration and stay the proceedings. Doc. No. 6. Plaintiff responded in opposition (Doc. No. 7), and Defendant replied. Doc. No. 10. The motion is now ripe for review.

[1] Defendant notes that Plaintiff names U.S. Xpress Leasing, Inc., as the sole defendant in his complaint. Doc No. 6 at PageID 47. However, Plaintiff apparently never worked for U.S. Xpress Leasing Inc., which according to Defendant, is an asset-holding company. *Id.* Instead, Plaintiff was an employee of U.S. Xpress, Inc., an affiliate of U.S. Xpress Leasing, Inc. *Id.* However, this does not affect the Defendant's motion to compel arbitration, because the parties' arbitration agreement (the "Agreement") binds Plaintiff, U.S. Xpress Enterprises, Inc., and its affiliates—which includes both U.S. Xpress Leasing, Inc. and U.S. Xpress, Inc. Doc. No. 6-1 at PageID 60.

## I. BACKGROUND

Plaintiff is an Ohio resident who was hired by Defendant, a Tennessee corporation, as a Dedicated Account Supervisor on April 19, 2021. Doc. No. 6-1 at PageID 58. Plaintiff worked remotely for Defendant, from his home in Ohio, until his employment was terminated on February 28, 2025. Doc. No. 6 at PageID 47, 49.

As part of his application and onboarding process, Plaintiff electronically signed an arbitration agreement (the "Agreement") prepared by Defendant. *Id.* at 50. The Agreement contains the following language:

> **ARBITRATION PROGRAM AGREEMENT**: In particular, and without limitation, I confirm my understanding and agreement that work disputes in which I am involved that fall within the Program's definition of "Legal Dispute" will be resolved exclusively through final and binding arbitration rather than before a judge or jury in court or before an administrative adjudicative body.

Doc. No. 6-1 at PageID 64. Defendant contends that Plaintiff is therefore bound to arbitrate the employment claims he raises in his complaint. Doc. No. 6 at PageID 55.

Defendant maintains that the Agreement is valid and enforceable, and that the Court must stay this action pending the resolution of Plaintiff's claims in arbitration. *Id.* Plaintiff responds that his claims are not arbitrable because he signed the Agreement at an "anomalous hour," and the Agreement has not been properly authenticated. Doc. No. 7 at PageID 70. Plaintiff also claims that the Agreement is procedurally and substantively unconscionable under Ohio law. *Id.* at PageID 66.

## II. DISCUSSION

### A. Validity

A district court faced with a motion to compel arbitration of a dispute must first determine whether the parties agreed to arbitrate that dispute. *Mitsubishi Motors Corp v. Soler Chrysler-*

*Plymouth, Inc.*, 473 U.S. 614, 626 (1985). If the formation of the arbitration agreement is "in issue," a district court must proceed to trial to resolve that question. *See* 9 U.S.C. § 4 ("If the making of an arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof."). However, "[i]f the district court is satisfied that the agreement to arbitrate is not 'in issue,' it must compel arbitration." *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2022). "[T]o show that the validity of the agreement is 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Id.* (cleaned up). One's inability to "remember" signing an arbitration agreement does not create a genuine dispute of material fact as to its validity. *See Boykin v. Fam. Dollar Stores of Mich., LLC*, 3 F.4th 832, 839-40 (6th Cir. 2021) ("[C]onvenient memory lapses do not create factual disputes that are genuine"). As set forth below, the Court concludes that there is no genuine issue of material fact as to the Agreement's validity, and arbitration of the parties' dispute is warranted.

Here, Plaintiff does not dispute that the Agreement covers the claims raised in his complaint. *See generally* Doc. No. 7. Instead, Plaintiff challenges the formation of the Agreement, suggesting that it is invalid. *Id.* It is Plaintiff's burden to show a genuine dispute of material fact as to the validity of the Agreement. *Great Earth Cos.*, 288 F.3d at 889. Plaintiff claims that he "does not recall signing" the Agreement. Doc. No. 7 at PageID 66. Plaintiff further argues that because the Agreement was signed at 11:27 p.m., an "anomalous hour," this creates doubt as to whether he signed it in the first place. *Id.* at PageID 70. However, this does not create a genuine dispute of material fact as to the Agreement's validity. *Boykin*, 3 F.4th at 840.[2]

[2] Plaintiff has not submitted any evidence or legal authority suggesting that an arbitration agreement signed late at night creates a genuine dispute of material fact as to its validity. Nor, in its research, has the Court found any support for that proposition of law.

**B. Authenticity**

An item is properly authenticated when there is sufficient evidence to "support a finding that the item is what [Defendant] claims it is." Fed. R. Evid. 901(a). Here, Defendant submitted an affidavit from its records custodian attesting that Plaintiff signed the agreement as part of his employment application and onboarding process. Doc. No. 6–1 at PageID 57–59. Defendant's custodian affirmed that he had personal knowledge of the facts in the affidavit; that he reviewed Plaintiff's personal records; and that those records were made at, or near, the time of the events in question. *Id.*; *see Vaillancourt v. IBEX Glob. Sols., Inc.*, No. 4:24-CV-605, 2024 WL 3345492 at *5 (N.D. Ohio July 9, 2024) (determining that an employer properly authenticated its arbitration agreement with its employee under these exact circumstances).

**C. Unconscionability**

While the Federal Arbitration Act (FAA) preempts state law involving arbitration, state law governs "generally applicable contract defenses [to an arbitration clause], such as fraud, duress or unconscionability." *Southland Corp. v. Keating*, 465 U.S. 1, 10–11 (1984); *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686–87 (1996); *Jones v. U-Haul Co. of Mass. & Ohio*, 16 F. Supp. 3d 922, 932 (S.D. Ohio 2014). The party opposing arbitration bears the burden of proving that an arbitration agreement is unconscionable under applicable state law. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 67-68 (2009). The Court "examine[s] arbitration language in a contract in light of the strong federal policy in favor of arbitration, resolving any doubts . . . in favor of arbitration." *See Albert M. Higley Co. v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006).

Plaintiff contends that the Agreement is unconscionable under Ohio law for three reasons. First, Plaintiff claims that Defendant improperly conditioned his employment on his agreement to arbitrate. Doc. No. 7 at PageID 71. Second, Plaintiff contends the Agreement improperly applies

Tennessee law to the resolution of disputes. *Id.* at PageID 72. Finally, Plaintiff insists that the Agreement's requirement—that arbitration take place in Tennessee—is unreasonable and oppressive. *Id.* at PageID 75.

Notwithstanding these arguments, the Court must compel arbitration. First, Ohio employers may condition an individual's employment on their willingness to arbitrate disputes. *Thomas v. Hyundai*, 2020-Ohio-3030, ¶ 31 (8th Dist. 2020) ("Nevertheless, the case law is clear that in an at-will employment situation, Ohio employers may condition employment on the employee's agreement to arbitrate disputes."). Second, the mere fact that Plaintiff might have had less bargaining power than Defendant when he signed the Agreement does not make the Agreement unconscionable. *See e.g.*, *Rudolph v. Wright Patt Credit Union*, 2021-Ohio-2215, ¶ 71 (2d Dist. 2021) (noting that mere inequality in bargaining power between an employee and his employer is insufficient under Ohio law to invalidate an otherwise enforceable arbitration agreement) (collecting cases).

Furthermore, the potential application of Tennessee law in a future arbitration does not make arbitration improper. Where there is disagreement about the choice of law an arbitrator might apply, the Court must compel arbitration. *See DeOrnellas v. Aspen Square Mgmt, Inc.*, 295 F. Supp. 2d 753, 761 (E.D. Mich. 2003) ("[T]he proper course is to compel arbitration and address the issues relating to the abrogation of substantive rights on judicial review of the arbitration award . . .") (citing *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 407 (2003)). Plaintiff must raise these arguments before an arbitrator, not before the Court. *See Hines v. Nat'l Ent. Grp., LLC*, 140 F.4th 322, 332 (6th Cir. 2025) ("Under the severability principle, separate arguments unrelated to the arbitration clause itself are considered by the arbitrator in the first instance") (cleaned up).

Similarly, the requirement that Plaintiff travel to Tennessee for future arbitration proceedings is a question that an arbitrator, not the Court, should decide, because it is unrelated to the validity of the Agreement itself. *See Great Earth Cos.*, 288 F.3d at 889 (explaining that in deciding whether to compel arbitration, a district court may only consider whether the parties agreed to arbitrate); *accord Hines*, 140 F.4th at 332.

## III. CONCLUSION

For the reasons discussed above, and for good cause shown, the Court **GRANTS** Defendant's motion to compel arbitration and stay the proceedings. Accordingly, the parties are hereby **ORDERED** to participate in arbitration pursuant to the terms of the executed Agreement, and this case is **STAYED** pending the results of the parties' arbitration proceedings.

The parties are **ORDERED** to keep the Court appraised of any updates to the case by filing joint status reports every **ninety (90) days** and also within **seven (7) days** of the arbitration's conclusion. The Court also **DIRECTS** the Clerk of Court to administratively close this case.[3] Plaintiff is **ADVISED** that, if he desires to continue with this case after arbitration, he must request the stay to be lifted within **thirty (30) days** of the arbitration's conclusion.

Finally, no appeal is presently available in this case because this Order is not a final appealable order. *See* 28 U.S.C. § 1291; *cf. Sultaana v. Jerman*, No. 1:15-cv-382, 2020 WL 13889761, at *5 (N.D. Ohio Jan. 7, 2020) (quoting *Cleaver v. Elias*, 852 F.2d 266, 267 (7th Cir. 1988) ("An appeal is possible in the absence of [a Rule 58 final judgment] only if the district court has clearly disposed of all pending matters")).

---

[3] This administrative closing of the case is for statistical purposes only and does not limit Plaintiff's right to request that the stay be lifted as directed above.

**IT IS SO ORDERED.**

October 16, 2026

s/*Michael J. Newman*
Hon. Michael J. Newman
United States District Judge